## JERSEY vs. DEMAREST and others.

A *bona fide* mortgage, given after the entry of a personal decree of this court against the mortgagor for the payment of money merely, but before the filing of a statement or abstract of the decree in the Supreme Court, in accordance with the provision of the fifty-ninth section of the chancery act, is entitled to priority over the decree.

---

Bill to foreclose. On final hearing on bill and answer.

*Mr. G. Ackerson, Jr.,* for complainant.

*Mr. W. M. Johnson,* for Van Valen, the answering defendant.

THE CHANCELLOR.

The question presented by the answer is, whether a personal decree of this court, made in 1873, merely for the payment ·of money, became, as against a *bona fide* mortgage, a lien upon, or bound the land of the person against whom it was made, before the time when a statement or abstract was, according to the provision of the fifty-ninth section of the chancery act (*Nix. Dig.* 112), filed in the office of the clerk of the Supreme Court.

The answering defendant, Van Valen, obtained a final decree in this court in 1873, for the payment of money against the mortgagor, Albert Z. Ackerman. It, however, was not docketed in the Supreme Court until 1875. The complainant's mortgage was given by Ackerman, in the meantime, upon lands which he owned at the time when the decree was entered. Van Valen insists that his decree became, when it was signed, a lien on those lands, and that it is, therefore, a prior encumbrance to the complainant's mortgage thereon. He insists that when the decree was entered, he was not required by law to docket it, to create a lien on the lands by virtue of it, as against persons not parties to it. Though the fifty-fifth section of the act, as it stood at the date ·of the decree, provided that the decree of this court should, from the time of its being signed, have the force, operation, and ·effect of a judgment at law in the Supreme Court, from the time of the actual entry of such judgment, the fifty-ninth section provided that no decree of this court made after the ·date of the approval of the act (April 16th, 1846,) should, as ·against any person not a party thereto, become a lien upon or bind any lands, tenements, hereditaments, or real estate other ·than those specifically mentioned and described in the decree, ·or in the bill of complaint on which the decree was founded, ·until the parties interested in the decree, or some or one of them, should have filed in the office of the clerk of the Supreme Court (to be recorded by him), a statement or ·abstract of the decree, containing the names of all the parties ·thereto, designating particularly those against whom it was

rendered, with the state and county in which they respectively resided, the time at which the decree was signed, and the amount of the debt, damages, costs, or other sum of money thereby directed to be paid. By the third section of the supplement to the act approved in 1855 (*Nix. Dig.* 118), it was enacted that all decrees and orders of this court, whereby any sum of money should be ordered to be paid by one person to another, should have the force, operation, and effect of a judgment at law in the Supreme Court, from the time of the actual entry of such judgment, and that the Chancellor might order such executions thereon, as in other cases. This enactment, as well as that of the fifty-fifth section of the act, was limited by the provision of the fifty-ninth section. The fifty-fifth section gave to decrees the force, effect, and operation of judgments in the Supreme Court. The third section of the supplement enacted, substantially, that not only decrees for the payment of money, but orders of that character, also, should have such force, effect, and operation, and that this court might issue execution thereon. The fifty-fifth and fifty-ninth sections, and the third section of the supplement, are all *in pari materia,* and should be construed together. The legislature evidently intended, by the fifty-ninth section, to limit the operation of the general terms of the fifty-fifth section, and in enacting the third section of the supplement, did not intend to repeal or abridge the limitation, but to extend the provision of the fifty-fifth section to orders for the payment of money, and to empower this court to issue execution to enforce decrees and orders for the payment of money. The continuance of the purpose of the legislature, as shown by the fifty-ninth section, to protect persons not parties to the decree against the lien thereof, unless it should have been docketed in the clerk's office of the Supreme Court, is evidenced by the fact that that section was not repealed. It was neither repealed expressly nor by implication. The provision of the third section of the supplement is, as to decrees, no more extensive than that of the fifty-fifth section of the act. The extension of the provision of the last-mentioned section

to orders for the payment of money, obviously created no necessity for repeal of the fifty-fifth section, in any respect. The operation of both the fifty-fifth section of the act and the third section of the supplement, was limited by the fifty-ninth section of the act. *Hargraves* v. *Hargraves*, 23 *Beav.* 484, construing the thirteenth, eighteenth, and nineteenth sections of 1 and 2 *Vict., ch.* 110. The revision is in accordance with this construction. *Revision* 65. The revisers merely construed the provisions by putting the fifty-fifth section of the act and the third section of the supplement together, and adding the fifty-ninth section of the act as a proviso. The complainant's mortgage is entitled to priority over the decree.